IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELIZABETH BLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-1026-R |
| | ) |
| INDEPENDENT SCHOOL DISTRICT NO. | ) |
| I-002 OF OKLAHOMA COUNTY, | ) |
| a/k/a, WESTERN HEIGHTS PUBLIC | ) |
| SCHOOLS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Plaintiff's Motion to Compel [Doc. No. 86]. The District has responded in opposition and Plaintiff has replied.

This action involves claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq., the Oklahoma Anti-Discrimination Act, Okla. Stat. tit. 25, § 1101, et seq., the Family Medical Leave Act, 29 U.S.C. §§ 2601, et seq., the Fourteenth Amendment's Due Process Clause, and various claims under state law. In the present motion, Plaintiff asks the Court to compel responses to three document requests seeking communications between the District's former counsel and the District, the District's former Superintendent, and the District's Human Resources Director. The District objects to production of these communications on the ground that they are protected by the attorney-client privilege. Plaintiff does not dispute that these communications fall within the scope of the attorney-client privilege but contends that the District waived the privilege

1

by putting the legal advice at issue in the case. Specifically, Plaintiff notes that the District's former Superintendent and School Board President testified at their respective depositions that they relied on the advice of legal counsel in making certain decisions concerning Plaintiff's employment and that the District has included email communications from its former legal counsel to Plaintiff's counsel on its exhibit list.[1]

Federal Rule of Civil Procedure 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Pursuant to Federal Rule of Evidence 501, federal common law governs the scope of attorney-client privilege in this federal question case.[2] *In re Qwest Commc'ns Int'l Inc.*, 450 F.3d 1179, 1184 (10th Cir. 2006). The Tenth Circuit has identified three general approaches that courts use to determine whether the attorney client privilege has been waived by putting advice of counsel at issue:

> The first of these general approaches is the "automatic waiver" rule, which provides that a litigant automatically waives the privilege upon assertion of a claim, counterclaim, or affirmative defense that raises as an issue a matter to which otherwise privileged material is relevant….The second set of generalized approaches provides that the privilege is waived only when the material to be discovered is both relevant to the issues raised in the case and

---

[1] Notably, this testimony was provided while the Superintendent and Board President were still named as individual defendants in this action.

[2] The Tenth Circuit has indicated that courts "should look to state law in deciding privilege questions" that relate to state law claims. *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1551 (10th Cir. 1995). The Tenth Circuit has not, however, "confronted the issue presented in this case, where evidence allegedly subject to a privilege is relevant to both the federal and state-law claims." *Vondrak v. City of Las Cruces*, 760 F. Supp. 2d 1170, 1176 (D.N.M. 2009). In those circumstances, district courts have concluded that federal privilege law applies when the primary source of the court's jurisdiction is the federal claim. *Id.* at 1177; *Tolbert v. Gallup Indian Med. Ctr.*, 555 F. Supp. 3d 1207, 1237 (D.N.M. 2021). This Court concurs with that conclusion.

> either vital or necessary to the opposing party's defense of the case….Finally, several courts have recently concluded that a litigant waives the attorney-client privilege if, and only if, the litigant directly puts the attorney's advice at issue in the litigation.

*Frontier Ref., Inc. v. Gorman-Rupp Co.,* 136 F.3d 695, 699–700 (10th Cir. 1998) (internal citations omitted). Although the Tenth Circuit has not selected an approach for purposes of federal common law, it has criticized the first approach as not adequately accounting for the importance of the attorney-client privilege. *Id.* at 700. The second approach, which is "the more liberal of the two approaches to waiver," *id.* at 701, has been applied to claims arising under Oklahoma state law and is the approach relied on by Plaintiff. *Seneca Ins. Co. v. W. Claims, Inc.*, 774 F.3d 1272, 1276 (10th Cir. 2014). This test requires three conditions to find waiver of the attorney-client privilege: "(1) assertion of the privilege was the result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to [its] defense." *Frontier Ref., Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 701 (10th Cir. 1998) (quoting *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D.Wash.1975)) (alteration in *Frontier*).

Those conditions are not met here. Although the District communicated through legal counsel when responding to Plaintiff's accommodations request and some of the District's personnel testified that they relied on the advice of counsel in making employment decisions, the District has not attempted to justify its conduct on the basis of advice of counsel. In fact, the District has repeatedly and unequivocally stated that it does

3

not intend to rely on advice of counsel to defend itself in this action. *See* Def. Br. 9, 11, 12. The District has not asserted the attorney-client privilege as a result of some affirmative act, such as a filing suit, or made the protected information relevant by its actions in this litigation. *See Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1552 (10th Cir. 1995) (holding that attorney-client privilege was not waived where employer "did not attempt to justify its termination of [the employee] on the basis of advice of counsel"); *Williams v. Solvay Chemicals, Inc.*, No. 09-CV-037-J, 2009 WL 10695153, at *3 (D. Wyo. Aug. 21, 2009) (finding that attorney-client privilege was not waived where the defendant "has not affirmatively raised advice of counsel as a defense").

The Court therefore concludes that the District has not waived the attorney-client privilege and Plaintiff's Motion to Compel [Doc. No. 86] is DENIED.

IT IS SO ORDERED this 9th day of May 2023.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE